**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BENJAMIN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Joliet Community Baseball & | ) | |
| Entertainment, LLC | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JURISDICTION AND VENUE**

1.      This is an action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.* This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343.

2.      Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

**PARTIES**

3.      At all times herein mentioned Plaintiff, Benjamin Davis, was an employee of the Defendant until his involuntary termination.

4.      At all times herein mentioned, Defendant, Joliet Community Baseball & Entertainment, LLC, ("JCBE") was a Minnesota corporation operating in Joliet, Illinois.

5.      JCBE is an employer subject to suit under the ADA in that it is in an industry affecting commerce, and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

6.      JCBE is a corporation that owns and operates a minor league baseball team named the Joliet Slammers in Joliet Illinois.

7.      In December, 2014, Defendant hired Plaintiff for the position of General Manager.

8.      Before being hired by Defendant Plaintiff was diagnosed with a serious medical condition that inhibits proper function of his thyroid.

9.      The thyroid is part of the endocrine system, which is made up of glands that produce, store, and release hormones into the bloodstream so the hormones can reach the body's cells.  Plaintiff's thyroid condition is physical impairment that substantially limits the operation of a major bodily function in his body's endocrine system.  Therefore, Plaintiff's medical condition is a disability under the ADA.

10.      Despite Plaintiff's disability he was able to perform the essential functions of his job.

11.      On or about January 28, 2015, plaintiff was in his residence recovering from flu like symptoms unrelated to his thyroid condition.  Two of Plaintiff's superiors arrived at Plaintiff's residence and asked to speak with Plaintiff.

12.      During the ensuing conversation Plaintiff's supervisor inquired about Plaintiff's health and Plaintiff shared information about the history of his thyroid condition and the fact that had undergone recent additional testing.

13.      After Plaintiff shared information about his thyroid condition Plaintiff's supervisors expressed that they believed Plaintiff had been dishonest with them about his health

and that he should have disclosed his medical condition when he interviewed for his position. Plaintiff was informed that he was being placed on administrative leave.

14.     On January 30, 2015, Plaintiff was informed that his employment was being terminated because he failed to disclose his medical condition before accepting Defendant's employment offer, and the Defendant had concluded that his medical condition made him unable to perform his job functions.

15.     On or about April 20, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") that alleged Defendant terminated him in violation of the ADA.

16.     On or about February 26, 2016, the EEOC issued Plaintiff a right to sue letter.

17.     This Complaint was filed with the Court less than 90 days after February 26, 2016.

**COUNT I**
**PLAINTIFF AGAINST DEFENDANT FOR**
**VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT**

18.     Plaintiff realleges and incorporates paragraphs one (1) through seventeen (17) as though fully set forth at this place.

19.     Plaintiff, as described above, is disabled as that term is defined by the ADA.

20.     Plaintiff was qualified for the job he held with Defendant and performed all job functions to Defendant's legitimate employment expectations.

21.     Despite Plaintiff's qualifications and job performance, he was discriminated against by Defendant because he is disabled.

22.     Defendant's discrimination against Plaintiff was intentional.

23.     Defendant's actions, as described above, are in violation of the ADA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of his employment because of his disability.

24.      As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.  Plaintiff claims such damages together with prejudgment interest as permitted by law.

25.     The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff.  Thus, Plaintiff requests the assessment of punitive damages and/or liquidated damages against the Defendant in a sum as determined according to law and proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Benjamin Davis, by and through his attorneys, Ed Fox & Associates, requests the following relief:

A.     That Plaintiff  be granted general and compensatory damages in an amount to be determined at trial;

B.     That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

C.     That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest;

D.     That the Court grant appropriate equitable relief such as reinstatement; and

E.     That the Court grant such other and further relief as the Court may deem just or

equitable.

BY:    <u>s/ Garrett Browne</u>

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
<u>gbrowne@efox-law.com</u>

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:    <u>s/Garrett Browne</u>

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com